### SMITH v. HART et al.

No. 21999.    Opinion Filed April 12, 1932.

Bond & Bond, for plaintiff in error.

J. H. Long, for defendants in error.

PER CURIAM. M. E. Smith filed petition in the district court of Stephens county, alleging that she is the owner of the fee-simple title and in possession of certain real property in the town of Comanche, Stephens county, Okla., by virtue of a warranty deed from J. A. Hart and Lou Hart, executed June 18, 1923, which said deed was lost and never placed of record, and pray-

ing judgment decreeing her to be the owner of the legal and equitable title to said property, and that title be quieted as against all of the defendants. The defendant Brown answered by general denial, and further claiming a lien on said property by reason of a judgment obtained in a suit against J. A. Hart on June 3, 1929. No answer was filed by the Harts. Upon hearing before the court plaintiff introduced the testimony of three witnesses besides her own testimony, in support of the allegations in her petition and although the journal entry recites, "The plaintiff introduced her evidence and rested and the defendant W. E. Brown introduced evidence and rested, and the court took the matter under advisement on the briefs of both parties, * * *" there is no record or transcript of any evidence by the said defendant shown in the case-made other than the cross-examination of plaintiff's witnesses. Trial was on April 21. 1930, and the court took the matter under advisement, and on May 5, 1930, rendered judgment in favor of W. E. Brown. establishing his judgment lien; motion for new trial was filed and overruled by the court and the plaintiff duly perfected appeal to this court by filing petition in error with case-made on December 8, 1930.

Plaintiff in error, in compliance with the rules and order of this court, filed brief on February 13, 1931, but the defendants in error have wholly failed to file answer brief, pleading, or any other instrument in said cause on appeal, nor have defendants in error offered any excuse for their failure to do so. This court has consistently followed the rule announced in City National Bank v. Coatney, 122 Okla. 233, 253 P. 481, as follows:

"Where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained but may, where the authorities cited in the brief filed appear reasonably to support the assignments of error, reverse the cause, with directions in accordance with the prayer of the petition in error."

In this cause the petition in error prays that the judgment of the trial court be reversed, set aside, and held for naught, and that judgment be rendered in favor of the plaintiff in error, and that she be restored to all rights that she has lost by the rendition of such judgment. We find upon examination of the authorities cited in the brief filed by plaintiff in error that they

reasonably support the assignments of error, and we, therefore, reverse the judgment of the lower court and direct that it vacate its former judgment and enter judgment in favor of the plaintiff in error, as prayed for in her petition.